1 | **KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose (SBN126281)
2 | Frank C. Brucculeri (SBN 137199)
Ronald K. Losch (SBN 98170)
3 | Michelle E. Ceja (SBN 236560)
425 California Street, Suite 2025
4 | San Francisco, Ca.  94104
Tel:     415-433-6555
5 | Fax:    415-433-6577
rlosch@kayerose.com
6 |
Attorneys for Defendants
7 | REEDEREI F.  LAEISZ G.m.b.H ROSTOK AND
BETEILIGUNGSZ-KOMMANDITGESELLSCHAFT
8 | M/V "PUGWASH SENATOR"

9 |

10 |                             UNITED STATES DISTRICT COURT

11 |                            NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSELYN KIRKWOOD | Case No.  07-03857 EMC |
| Plaintiff, | [Consolidated with Case No.  C 06-4380 EDL |
| vs. | **REEDEREI F.  LAEISZ G.m.b.H ROSTOK AND BETEILIGUNGSZ-KOMMANDITGESELLSCHAFT M/V "PUGWASH SENATOR'S ANSWER TO COMPLAINT OF ROSELYN KIRKWOOD** |
| REEDEREI  F. LAEISZ G.M.B.H. ROSTOK; BETEILIGUNGSZ-KOMMANDITGESELLSCHAFT M/V "PUGWASH SENATOR" SCHIFFAHRTSGESELLSCHAFT MBLL & CO., ROSTOK, | |
| Defendants. | Complaint Filed: July 27, 2000 |

21 |       COMES NOW Defendants REEDEREI F. LAEISZ G.m.b.H ROSTOK AND

22 | BETEILIGUNGSZ-KOMMANDITGESELLSCHAFT M/V "PUGWASH SENATOR"

23 | (hereinafter referred to as "Defendants") and for its answer to the Complaint of Plaintiff

24 | ROSELYN KIRKWOOD in this matter, avers, alleges and responds as follow:

25 |       1.       In answering the allegations of paragraph 1 of the complaint, Defendants lack

26 | sufficient information or knowledge to justify a belief as to Plaintiff's residence, and on that

27 | basis deny each and every such allegation.

28 | //

2. In answering the allegations of Paragraph 2 of the Complaint, Defendants admit that this Court has jurisdiction over the claim made by Plaintiff herein by virtue of diversity of citizenship under 28 USC §1332 and that the action is governed by the General Maritime Laws of the United States. Defendants deny the remaining allegations of the paragraph.

3. In answering the allegations of paragraph 3 of the Complaint, Defendants state that they are corporations and/or business organizations organized under the laws of a Country other than the United States and/or California and were the owners of a certain container carrying vessel named M/V PUGWASH SENATOR prior to February 7, 2005. Further, Defendants admit that the vessel M/V PUGWASH SENATOR was engaged in the transportation of containerized goods and cargo within the navigable waters of the United States on or about February 7, 2005. Except as so admitted, the remaining allegations contained in paragraph 3 of the Complaint are denied.

4. In answering the allegations of Paragraph 4 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny each and every such allegation.

5. In answering the allegations of paragraph 5 of the Complaint, Defendants deny each and every allegation of this paragraph.

**AS AND FOR ITS AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND EACH AND EVERY CLAIM FOR RELIEF THEREIN, DEFENDANT ALLEGES:**

**FIRST AFFIRMATIVE DEFENSE**

As and for a first, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege on information and belief that Plaintiff's husband Clyde Kirkwood (Plaintiff in the Consolidated Case, Case No. 06-4380 EDL, hereinafter referred to as "Plaintiff Clyde Kirkwood"), did not exercise ordinary care, caution or prudence for his welfare to avoid the happening of the alleged incidents, injuries or damages, if any, and by his own failure to do so, thereby directly and proximately contributed to the happening of

said alleged injuries, losses and damages, if any.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that the Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against these answering defendants.

**THIRD AFFIRMATIVE DEFENSE**

As and for a third, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that Plaintiff Clyde Kirkwood failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages and, therefore, neither Plaintiff Clyde Kirkwood nor Plaintiff Roselyn Kirkwood may not recover for the losses, if any, which could have been prevented. Therefore, Plaintiffs' recovery, if any, should be reduced by Plaintiff Clyde Kirkwood's failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that Plaintiff Roselyn Kirkwood's Complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that the damages allegedly sustained by Plaintiff Roselyn Kirkwood were not caused by any act or omission to act on the part of these answering Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

As and for a sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that because of the conduct, acts and omissions of Plaintiff Clyde Kirkwood, Plaintiffs Clyde Kirkwood and/or Roselyn Kirkwood have waived any claim to damages alleged in either of their Complaints.

//

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that if these answering Defendants are liable to Plaintiff Roselyn Kirkwood for damages herein, which Defendants deny, Plaintiff Roselyn Kirkwood's damages must be reduced by the amount attributable to Plaintiff Clyde Kirkwood's comparative or relative fault therein.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that they are not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff Clyde Kirkwood in this and/or his Complaint; however, if these answering defendants are subject to any liability to either or both Plaintiffs Clyde and Roselyn Kirkwood, it will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiffs against these answering Defendants should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability; the liability of these answering Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to these answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that the injuries and/or damages, if any, referred to in Plaintiff Clyde Kirkwood's Complaint which are specifically denied, pre-exist the incident alleged in the Complaint in whole or in part, and neither Plaintiff Clyde Kirkwood nor Plaintiff Roselyn Kirkwood can recover damages for Plaintiff Clyde Kirkwood's pre-existing condition from these answering Defendants.

//

//

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege any injury, damage or loss was sustained by either or both Plaintiffs Clyde Kirkwood or Roselyn Kirkwood, was caused solely by and attributable to the unreasonable, unforeseeable and totally inappropriate purpose and improper use made by Plaintiff Clyde Kirkwood of the equipment alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for a eleventh, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege on information and belief that any injuries sustained by Plaintiff while aboard the vessel were self-inflicted, or sustained as a result of Plaintiff's own voluntary assumption of the risk of such injuries, and that Defendants are accordingly not liable for any such injuries.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for a twelfth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege the negligence, if any, and other wrongdoing alleged in Plaintiff's Complaint was committed by persons who are not employed by Defendants, but who are independent contractors or other third parties, for whom liability may not be imputed to Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for a thirteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege they are not liable to Plaintiffs because of the subsequent and intervening acts of third parties which directly caused the happening of the incidents, injuries, losses and damages complained of by Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for a fourteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, Defendants allege that any judgment that may be entered against Defendants for non-economic damages is several only and not joint, such that recovery for non-economic damages is limited to an amount proportionate with that degree of fault attributable

to these answering Defendants, if any, as opposed to fault attributable to Plaintiff and other third parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendants allege that Plaintiff's recovery, if any, must be reduced by the payments Plaintiff Clyde Kirkwood has received under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. and/or comparable state workers' compensation statutes.

WHEREFORE, Defendants Reederei F. Laeisz G.m.b.H Rostok and Beteiligungsz-Kommanditgesellschaft M/V "Pugwash Senator" pray that Plaintiff Roselyn Kirkwood take nothing by her Complaint and that said Complaint be dismissed, and that Defendants recover their costs of suit herein, and for such other and further relief as this Court may deem just and proper.

Dated: January 9, 2008                         KAYE, ROSE & PARTNERS, LLP

                                               */s/ Ronald K. Losch*

By: _____
    Frank C. Brucculeri
    Bradley M. Rose
    Ronald K. Losch
    Michelle E. Ceja
    Attorneys for Defendant
    Reederei F. Laeisz G.m.b.H Rostok and
    Beteiligungsz-Kommanditgesellschaft
    M/V "Pugwash Senator"

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.

I am over the age of 18 and not a party to the within action; my business address is 425 California Street, Suite 2025, San Francisco, California, 94104.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

On this date, I served the following documents described as:

**ANSWER TO COMPLAINT**

on the parties in this action by executing this Proof of Service and immediately thereafter causing true copies thereof to be enclosed in an envelope with postage thereon being fully prepaid and placed for collection and mailing following the ordinary course of business addressed to:

Philip R. Weltin, Esq.
Weltin Law Office
1432 Martin Luther King Jr. Way
Oakland, CA 94612

I declare under penalty of perjury that the above facts are true and correct. Executed in San Francisco, California on January 9, 2008.

*/s/ Ronald K. Losch*

Ronald K. Losch